UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Walter Hutchinson, Jr.

   v.                                              Civil No. 12-cv-376-JL

Richard Gerry, Warden,
New Hampshire State Prison

**O R D E R**

Walter Hutchinson, Jr. has filed a petition for a writ of habeas corpus (doc. no. 1) pursuant to 28 U.S.C. § 2254. The petition is before the court for preliminary review to determine whether Hutchinson's claims are facially valid and cognizable in a § 2254 action for federal habeas relief. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

**Discussion**

I.   Standard of Review

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. In undertaking this

review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).  The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status.  "As a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects."  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

II.  Procedural Background

In 1991, Hutchinson strangled his then-girlfriend, Kimberly Ernest, causing her severe brain injury which resulted in her falling into a permanent vegetative state.  After the assault, Hutchinson was charged with and convicted of attempted murder. See State v. Hutchinson, 137 N.H. 591, 592, 631 A.2d 523, 523 (1993).

On November 6, 2005, Ernest died.  Hutchinson was thereafter charged with both first and second degree murder.

Prior to trial, Hutchinson filed a motion to dismiss the indictments asserting that his prosecution for murder, arising out of the same events that gave rise to his attempted murder conviction fourteen years prior, violated his Fifth Amendment right not to be subjected to double jeopardy.  The trial court denied Hutchinson's motion to dismiss.  Hutchinson filed an interlocutory appeal of the trial court's decision in the New Hampshire Supreme Court ("NHSC").  The NHSC affirmed the trial court.  See State v. Hutchinson, 156 N.H. 790, 791, 942 A.2d 1289, 1290 (2008).

In 2009, Hutchinson was tried and convicted of first degree murder for Ernest's death.  Hutchinson appealed the conviction asserting that there was insufficient evidence upon which the jury could have found, beyond a reasonable doubt, that his actions were the cause of Ernest's death.  The NHSC affirmed the conviction.  See State v. Hutchinson, 161 N.H. 765, 766, 20 A.3d 972, 973 (2011).

After the NHSC affirmed his 2009 conviction, Hutchinson filed a motion for a new trial in the superior court, alleging that his 2009 trial counsel was ineffective, in violation of his rights under the Sixth Amendment, for failing to present expert testimony to counter the element of premeditation upon which his

first degree murder conviction relied.  The trial court denied his motion.  See State v. Hutchinson, No. 06-S-3426, 27, 28 (N.H. Super. Ct., Rockingham Cnty. Jan. 26, 2012).  Hutchinson filed a notice of appeal in the NHSC.  The NHSC subsequently declined the appeal.  See State v. Hutchinson, No. 2012-123 (N.H. May 17, 2012).

Hutchinson now brings this action, citing the following claims for relief:

1. Hutchinson's conviction violates his rights guaranteed by the Fifth Amendment's Double Jeopardy Clause;

2. Hutchinson's conviction violates his Fourteenth Amendment right to due process because the evidence at trial was insufficient to prove his guilt beyond a reasonable doubt; and

3. Hutchinson's conviction for first degree murder violates his Sixth Amendment right to the effective assistance of counsel, because his trial counsel failed to present evidence at trial to counter the allegation of premeditation.

III. Exhaustion

A person in custody pursuant to a judgment of the state court may seek a writ of habeas corpus on the grounds that he is incarcerated in violation of the federal constitution or other federal law.  See 28 U.S.C. § 2254.  Section 2254 requires that

each federal claim for relief be exhausted in the state courts by presenting the federal claim to the state's highest court for consideration prior to the filing of a federal habeas action. See id. at § 2254(b)(1).

Hutchinson has demonstrated that each of his three federal claims for relief has been exhausted in the state courts, as each issue has been fairly presented to the NHSC for consideration, as follows: (1) the Fifth Amendment double jeopardy issue was presented to the NHSC in Hutchinson's 2008 interlocutory appeal; (2) the Sixth Amendment ineffective assistance of counsel claim was presented to the NHSC in the notice of appeal of Hutchinson's new trial motion; and (3) the claim asserting that the evidence was insufficient to support his conviction, was presented to the NHSC in Hutchinson's direct appeal of his 2009 conviction.

IV.  Service

The petition shall be served upon respondent Richard Gerry, Warden of the New Hampshire State Prison. Respondent shall file an answer or other response to the allegations made therein. See 2254 Rule 4 (requiring reviewing judge to order a response to the petition). The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the

Agreement on Acceptance of Service, copies of the petition (doc. no. 1), and this order.

Respondent is directed to answer or to otherwise plead within thirty days of the date of this Order. The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer). Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties. Such service is to be made by mailing the material to the parties' attorney(s).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 8, 2013

cc: Walter Hutchinson, pro se

LBM:jba